**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **No. 5:14-CV-202** |
| | § | |
| **ALFREDO GARZA,** | § | |
| **a/k/a FREDDIE GARZA,** | § | |
| | § | |
| **Defendant** | § | |

# COMPLAINT

The United States of America files its Complaint against the Defendant Alfredo Garza a/k/a Freddie Garza.

## I.

## Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 3001 *et seq.*

2. Defendant Alfredo Garza a/k/a Freddie Garza is a resident of the Northern District of Texas and presently resides within this judicial district with the following last known address:

7402 North County Road 1520
Shallowater, Texas 79363

Therefore, venue lies in this Court under 28 U.S.C. § 1391(b).

3. The Federal Family Education Loan ("FFEL") Program was established under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. Part 682).

4. The Department of Education William D. Ford Federal Direct Loan Program was established under Title IV-D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq.* (34 C.F.R. Part 685).

**II.**

**Background Facts**

5. On or about April 5, 1988 Defendant executed a promissory note to secure a Federal Family Education Loan Program loan from First National Bank of Lubbock. The U.S. Department of Education is the owner and holder of this promissory note. A copy of Defendant's promissory note is attached hereto and incorporated herein by reference as Exhibit A.

6. The loan was disbursed for $2,625.00 with interest accruing at 8% per annum. Defendant did not make the required payments on this debt and is now in default of the loan obligation.

7. As of July 17, 2014, Defendant is indebted to the United States in the amount of $5,944.96 (principal and interest) plus interest accruing thereafter as set forth in the Certificate of Indebtedness, attached hereto and made a part hereof as Exhibit B.

8. On or about November 30, 1988 Defendant executed a promissory note to secure a Federal Family Education Loan Program loan from First National Bank of Lubbock. The U.S. Department of Education is the owner and holder of this promissory note. A copy of Defendant's promissory note is attached hereto and incorporated herein by reference as Exhibit C.

9. The loans were disbursed for $4,000.00 with interest accruing at a variable rate to be established annually. Defendant did not make the required payments on this debt and is now in default of the loan obligation.

10. As of July 17, 2014, Defendant is indebted to the United States in the amount of $7,069.62 (principal and interest) plus interest accruing thereafter as set forth in the Certificate of Indebtedness, attached hereto and made a part hereof as Exhibit D.

**III.**

**Demand**

The United States respectfully requests judgment against the Defendant, Alfredo Garza a/k/a Freddie Garza, in the amount of $13,014.58 with interest accruing after July 17, 2014 at $1.02 per day to the date of judgment. The United States further requests interest at the post-judgment rate thereafter and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAY & WOOD

By ______________________________
Doug W. Ray
State Bar No. 16599200

2700 Bee Caves Road, Suite 200
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Facsimile)
dray@raywoodlaw.com
**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

# TGSLC TEXAS GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097

**SECTION I - TO BE COMPLETED BY STUDENT BORROWER** Type or print clearly with a ball-point pen. Read the instructions carefully.

1. Social Security Number: 6114
2. Last Name: GARZA First Name: ALFEDO MI: 3. Birth Date Mo/Day/Yr: 59
4. State of Permanent Residence: State TX Since 1959
5. Permanent Home Address Street: RR 2 Box 335 #05 City: Lubbock State: Texas Zip Code: 79415
6. Home Area Code/Phone Number: (806) 746-6869
7. Driver's License Number: 0871552 State: TX
8. U.S. Citizenship Status: ☑ (a) U.S. Citizen or National ☐ (b) Eligible Noncitizen Alien I.D. ______
9. Are you in default on any educational loan or do you owe a refund on a grant? ☐ Yes ☑ No (See instructions)
10. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? ☐ Yes ☑ No
11. Intended Enrollment (You must enroll at least half-time to be eligible) ☑ Full-time ☐ At least half-time ☐ Less than half-time
12a. Requested Loan Amount (Enter in Note below) $ 2,625
12b. What period do you want this loan to cover? From Mo/Yr To: Mo/Yr
13. Do you have any outstanding guaranteed student loans that are NOT guaranteed by the TEXAS GUARANTEED STUDENT LOAN CORPORATION? ☐ Yes ☑ No (See instructions. If "Yes," list below (DO NOT INCLUDE NDSL OR HEAL) If "No," write "None".

| Name of Lender | City and State of Lender | Loan Period From: Mo/Yr | To: Mo/Yr | Unpaid Balance | Interest Rate |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

14. (Parent) or Guardian (Circle one)
Name: Ernesto GARZA
Address: 515 Knight
City, State, Zip: Hereford Tex 79405
Phone: (806) -364-2555
Employer: Hereford Indepent School

(Relative) Friend or Separated Parent (Circle one)
Name: Hilda GARZA
Address: 515 Knight Street
City, State, Zip: Hereford Tex 79405
Phone: (806) 364-2586
Employer: Hereford Indepent School

Other Relative or Friend (Circle one)
Name: Ernesto GARZA Jr
Address: 201 LAKE
City, State, Zip: Hereford Tex 79405
Phone: (806)-364-8693
Employer:

15. While in school, you intend to live: (check one) ☐ With parents ☐ On campus ☑ Off campus
16. Major Course of Study: Barber Stylists
17. Total Number of Borrower's Dependents: Number 3 List Ages 4, 5, 26.
FOR SCHOOL USE 18. Suggested Release Dates Mo/Day/Yr 1. ___ 2. ___ 3. ___

## PROMISSORY NOTE FOR A TEXAS GUARANTEED STUDENT LOAN

A. I PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B the sum of

Two Thousand Six Hundred Twenty Five ($2,625.00)
Requested Loan Amount — Should be the same as item 12a.

to the extent that it is advanced to me, plus simple interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address you notify me of.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including guarantee and origination fees under the terms and conditions of this Promissory Note and the Notice of Loan Guarantee and Disclosure Statement. I further understand and agree that if the sum in the Notice of Loan Guarantee and Disclosure Statement is less than the sum stated in this Note that I am obligated to repay the sum stated in the Notice of Loan Guarantee and Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON ITS REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF SECTION I OF MY APPLICATION CONTAINS ANY BLANK ITEMS. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT SECTION I OF MY APPLICATION AND PROMISSORY NOTE CONTAINS NO BLANK ITEMS AND THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION AND PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREED TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE.

[signature] 04/05/88
Signature of Borrower Mo/Day/Yr

**SECTION II - TO BE COMPLETED BY SCHOOL**

22. Name of School: Meteo Hair Academy
23. Address: 2806 Ave Q
24. City: Lubbock State: Texas Zip Code: 79405
25. Area Code/Telephone Number: 806 744-8496
25a. For School Use
26. School Code: 021611
27. Loan Period Mo/Day/Yr From: 04 05 88 To: 01 04 89
28. Anticipated Graduation Date Mo/Yr: 01/89
29. Borrower Grade Level (See Instructions): 1 0
30. Dependency Status: ☐ Dependent ☑ Independent
31. Estimated Cost of Education for Loan Period: $ 12740.00
32. Estimated Financial Aid for Loan Period: $ -0-
32a. Expected Family Contribution: $ 6489.00
33. Difference (Item 31 minus items 32 and 32a): $ 2625.00
33a. Adjusted Gross Income: $ 19709.00
34. My signature below certifies that I have read and agreed to the "School Certification" on the back of the school copy.
[signature] Noelia Cavazos Financial Aid Administrator 04/05/88
Signature of Authorized Financial Aid Administrator — 35. Print or Type Name and Title — 36. Mo/Day/Yr

**SECTION III - TO BE COMPLETED BY LENDER**

37. Name of Lender: FIRST NATIONAL BANK AT LUBBOCK
38. Area Code/Telephone Number: 806 765 8861
39. Address: P. O. Box 1241 City: Lubbock, State: Texas Zip Code: 79408-1241
40. Lender Code: 823472
41. Lender Approved Amount: $
42. Disbursement 1 Mo/Day/Yr $
43. Disbursement 2 Mo/Day/Yr $
44. Disbursement 3 Mo/Day/Yr $
45. Disbursement 4 Mo/Day/Yr $
46. Signature of Authorized Lending Official: [signature] Kelly Crofoot
47. Print or Type Name and Title: Kelly Crofoot, AVP
48. Mo/Day/Yr: 4/6/88

BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE

COPY A — LENDER: LENDER RETAINS THIS ORIGINAL COPY

G02



EXHIBIT A

## PROMISSORY NOTE (CONTINUED)

B **Date Note Becomes Due.** I will [illegible] this loan in monthly [illegible] beginning no later than the day after the last day of my grace period as explained on my Disclosure Statement. My grace period is that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period I [illegible] I may request that my repayment period begin on an earlier date.

C. **Interest:** I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full, except for any interest the United States Government will pay for me, which you will [illegible] to collect from me. The [illegible] interest rate on my loan will be the same as the [illegible] interest rate on my other Guaranteed Student Loans if any of those loans are still outstanding and have an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, the applicable interest rate on my loan will be 8%. My Disclosure Statement will identify the specific [illegible] rate applicable for my loan. When this Note becomes due, I will either pay you the total interest due from me or such interest will be added to the total principal to be repaid [illegible] in installments. All payments will be made to your office [illegible] on my Disclosure Statement, or to any other address you notify me of.

D **Guarantee-Origination Fees** I will pay you a guarantee fee which you will forward to the Texas Guaranteed Student Loan Corporation (TGSLC) for its guarantee of this Note. The guarantee fee will be equal to 1% per year on the amount disbursed for a period beginning the month after the estimated date of disbursement and ending 12 months after the anticipated month of the borrower's graduation. For applications signed by the borrower on or after July 1, 1987, the guarantee fee will not exceed 3% of the principal amount of the loan regardless of the time between the estimated date of disbursement and the anticipated graduation date.

My Disclosure Statement will indicate the exact amount or date of my guarantee fee. I will pay you an origination fee authorized by Federal law not to exceed 6% of my loan amount (unless changed by Federal law). My Disclosure Statement will also indicate the exact amount of my origination fee. You may withhold this fee from each disbursement amount as indicated on my Disclosure Statement. If any [illegible] returned [illegible] of the loan check [illegible] within 120 days of the check date, or if I cash the check then pay it in full within 120 days of the check date the guarantee fee [illegible] fee will be credited to my balance.

E. **Whole Loan Due** Any other provision of this Note notwithstanding, I will be in breach of this agreement and you will have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due [illegible] (1) fail to make a payment when due, or (2) I make any false written statement in applying for this loan [illegible] (3) I breach any of my other promises under this agreement, or (4) after I receive my loan proceeds I fail to enroll for the [illegible] at the school listed on this Application and Promissory Note for at least one-half of the normal full-time academic workload required by the school.

F. **Collection Costs-Late Charges.** I agree to pay you reasonable amounts permitted by law including the fees of an outside attorney and court costs, which you incur in collecting any amount I owe under this Note which is not paid when due. (If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest.) If any payment has not reached you within ten days after its due date, you may charge me 6% of the late installment.

G. **Prepayment** I may, at my option and without penalty, prepay all or part of the principal or accrued interest of my loan at any time.

H. **Additional Agreements** (1) The proceeds of this loan will be used only for educational costs at the school stated on my Application and Promissory Note. (2) Any notice required to be given to me, including my Disclosure Statement, will be effective when mailed by first class mail to the latest address you have for me. No separate notice is required for any endorser (co-signer). (3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. (4) If TGSLC is required under its guarantee to repay my loan because I have defaulted, TGSLC will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. (5) I must repay this Note even though I may be under 18 years of age. (6) My loan will be cancelled if I die or become totally or permanently disabled. (7) In this Note, the words I, me, and my mean each and all of those who signed it. If there are more persons [illegible] this Note each person will be liable up to the full amount of the loan. You, your and yours mean the lender or any other owner of this Note.

I **Deferment:** If I am receiving a loan for a period of enrollment beginning prior to July 1, 1987, I may defer payment of principal on my loan after the repayment period begins under any of the following circumstances: (1) While I am engaged in: (a) Full-time study at a school that is participating in the GSLP, unless I am not a national of the United States and am studying at a school not located in the United States, (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies), unless I am not a national of the United States and am studying at a school not located in the United States, (c) An eligible graduate fellowship program, or (d) An eligible rehabilitation training program for disabled individuals. (2) For periods not exceeding 36 months (for each of the following) while I am: (a) On active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service, (b) Serving as a volunteer under the Peace Corps Act, if I have agreed to serve for a term of at least one year, (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION Programs), if I have agreed to serve for a term of at least one year, (d) Performing full-time volunteer service, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION Programs, for an organization exempt from taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, as amended, or (e) Temporarily totally disabled, as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (3) For periods not exceeding [illegible] months (for each of the following) while I am: (a) Serving in an eligible internship program, or (b) Conscientiously seeking, but unable to find full-time employment in the United States.

In addition to the above deferment, if I am a new borrower (as defined below) and I am receiving a loan for a period of enrollment beginning on or after July 1, 1987, I may also request, in addition to the above deferments of payment of principal on my loan after the repayment period begins under any of the following circumstances: (4) While I am engaged in at least half-time study at a school that is participating in the GSLP, unless I am not a national of the United States and am studying at a school not located in the United States, if I receive a loan under the GSL or SLS Programs for the enrollment period. (5) For periods not exceeding 36 months (for each of the following) while I am: (a) On active duty status in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or an active duty member of the National Oceanic and Atmospheric Administration Corps, (b) Engaged as a full-time teacher in a public or private elementary or secondary school in a teacher shortage area as defined by the Secretary of Education, (c) Unable to secure employment because I am providing care required by a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (6) For periods not exceeding 12 months if I am a mother with preschool age children, am entering or reentering the work force, and am being paid at a rate that is no more than $1.00 above the minimum hourly wage prescribed by the Fair Labor Standards Act of 1938. (7) For periods not exceeding six months when I am pregnant or caring for a newborn child or caring for a child immediately following the placement of the child through adoption, provided I am not attending a school and am not gainfully employed. In order to qualify for this deferment, I must have been enrolled, within the past six months, at least half-time in a school participating in the GSLP.

A "new borrower" is one who has no outstanding balance on a GSL, PLUS, SLS or Consolidation Loan on the date he or she signs the Promissory Note for a loan to cover periods of enrollment beginning on or after July 1, 1987.

In order to receive a deferment, I must request the deferment and provide you with the [illegible] required by [illegible] set forth in the [illegible] governing the GSLP.

I understand that I must notify my lender when the condition for the deferment [illegible].

J. **Repayment in Installments** I will repay the total amount due on this Note in installments with interest at the rate indicated in Paragraph C unless I enter into a forbearance as described in Paragraph E, in which case the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once. Prior to the date this Note becomes due as set forth in Paragraph B, you will send me a Repayment Schedule which shows the payment terms that will become part of this Note. Any endorser (co-signer) who signs this Note will also be obligated to repay this Note. The Repayment Schedule may include all loans I have received from you under the Texas Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than five nor more than ten years after this Note becomes due. The repayment period will not be longer than ten years from the date I enter repayment status, not counting periods for which I am granted an authorized deferment as outlined in Paragraph I, or forbearance. At my option, I may agree to a repayment period that is less than five years. However, I may at any time [illegible] the repayment period extended so that the total repayment period is not less than five years. My total payments for any year of the repayment period for all my loans under the Guaranteed Student Loan, Parent Loan, or Supplemental Loan for Students Programs shall not be less than $600 per year or the [illegible] such loans plus accrued interest if less than $600, including payments by my spouse on any loan under the Guaranteed Student Loan, Parent Loan, or Supplemental [illegible] Programs even though this may result in a repayment period of other than five years.

K **Credit Bureau Notification** [illegible] loan amount, repayment, or any breach of this agreement will be reported to credit bureau organizations by the lender, holder or TGSLC. My breach of this [illegible] reported if I fail to make the payment within 30 days after being notified of such [illegible] by the lender, holder or TGSLC. [illegible] ANY BREACH OF THIS AGREEMENT MAY SIGNIFICANTLY AND ADVERSELY AFFECT MY ABILITY TO OBTAIN OTHER CREDIT.

L. **Transfer of Note:** This Note [illegible] transferred [illegible] the lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument [illegible] of this Note could be a holder in due course. The new holder will notify me of any such transfer in writing.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this Application is true, complete and correct [illegible]. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize [illegible] to the lender, guarantor, or subsequent holder, U.S. Department of Education or their agents, any requested information pertinent to this loan (e.g., employment, [illegible] current address). I certify that the proceeds of any loan made as a result of this Application will be used for educational expenses for [illegible] I understand that I am obligated to repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses [illegible] for the loan period stated in item 27. I certify that [illegible] received under the Guaranteed Student Loan Program [illegible] IV, Part B [illegible]. I further certify that I do not owe a refund on a Byrd Scholarship, Pell Grant, Supplemental Educational Opportunity Grant (SEOG) or State Student Incentive Grant (SSIG) and am not now in default on a Perkins Loan (formerly National Defense or Direct Student Loan), or a Guaranteed Student Loan (GSL), a Federally Insured Student Loan (FISL), a Supplemental Loan for Students (SLS) or Auxiliary Loan to Assist Students (ALAS) or a Parent Loan for Undergraduate Students (PLUS) [illegible] Loan [illegible] I hereby authorize my lender [illegible] check covering the proceeds of my loan, in full, or in part, [illegible] payable to me [illegible] Statement of Borrower's Rights and Responsibilities supplied with this Application.

I understand that [illegible]

I understand and agree [illegible] Application and Promissory Note [illegible]

Pay to the order of Texas Guaranteed Student Loan Corporation without recourse, representations, warranties, express or implied. AMERITRUST TEXAS NATIONAL ASSOCIATION, as Trustee. By [illegible] AMERITRUST TEXAS Custodian [illegible] DEC 31 1990



EXHIBIT A

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

Alfredo Garza
aka: Freddie Garza
7402 N. County Road 1520
Shallowater, TX 79363
Account No. 1002513039

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/17/14.

On or about 04/05/88, the borrower executed a promissory note to secure a loan of $2,625.00 from First National Bank at Lubbock. This loan was disbursed for $2,625.00 on 04/11/88 at 8% interest per annum. The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 02/09/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,844.63 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/02/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,844.63 |
| Interest: | $3,100.33 |
| | |
| Total debt as of 07/17/14: | $5,944.96 |

Interest accrues on the principal shown here at the rate of $0.62 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 07/17/14

Delfin M. Reyes
Delfin M. Reyes
Loan Analyst
Litigation Support Unit

EXHIBIT B

TGSLC APPLICATION AND PROMISSORY NOTE FOR A PLUS OR SLS LOAN

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

**SECTION I—TO BE COMPLETED BY BORROWER** Type or print clearly with a ball-point pen. Read the instructions carefully.

1. Social Security Number: 6117
2. Last Name: GARZA First Name: ALFREDO MI
3. Birth Date Mo/Day/Yr: 59
4. Permanent Home Address Street: RR 2 BOX 335-105 City: LUBBOCK State: TEXAS Zip Code: 79415
5. State of Permanent Residence: State TEXAS
6. Home Area Code/Phone Number: (806)746-6869
7. Driver's License Number: 9718551 State: TX
8. U.S. Citizenship Status: [x] (a) U.S. Citizen or National [ ] (b) Eligible Noncitizen Alien I.D. ______
9. Type of Borrower: [ ] Parent Borrower [ ] Graduate or Professional [x] Independent Undergraduate Student [ ] Dependent Undergraduate Student
10. Are you in default on any educational loan or do you owe a refund on a grant? [ ] Yes [x] No (See instructions)

10a. Name and address of lender from whom you want loan (see instructions).

11. Do you have any outstanding GSL, PLUS or SLS loans that are NOT guaranteed by the TEXAS GUARANTEED STUDENT LOAN CORPORATION? [ ] Yes [x] No (See instructions. If "Yes," list below (DO NOT INCLUDE NDSL OR HEAL) If "No," write "None".

| Name of Lender | City and State of Lender | Loan Period From Mo/Yr | To: Mo/Yr | Unpaid Balance | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |

12. Borrower's Employer
Name: RICHARD WEBB CONSTRUCTION
Address: 8200-C NASHVILLE
City, State, Zip: LUBBOCK TX 79407
Phone: 794-2700

13. Relative/Friend (Circle One)
Name: ERNESTO GARZA
Address: 515 KNIGHT
City, State, Zip: HEREFORD TX 79045
Phone: (806) 364-5559
Employer: H.H.S.

Relative/Friend (Circle One)
Name: JESUS MAGNALLANES
Address: BOX 803
City, State, Zip: OLTON TX 79064
Phone: (806) 285-2027
Employer: SPARKS REDINGER

**PROMISSORY NOTE FOR A PLUS OR SLS LOAN**

A. I, THE UNDERSIGNED BORROWER IDENTIFIED IN SECTION I, ITEM 2, (and any endorser (cosigner) signing with the borrower), promise to pay to you or your order when this Note becomes due as set forth in Paragraph B the sum of

FOUR THOUSAND DOLLARS ($4000.00)
Requested Loan Amount

to the extent that it is advanced to me, plus an amount equivalent to simple interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on any Disclosure Statement, or to any other address you notify me of.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including a guarantee fee under the terms and conditions of this Promissory Note and the Disclosure Statement. I further understand and agree that if the sum in the Disclosure Statement is less than the sum stated in this Note I am obligated to repay the sum stated in the Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE AND THE ATTACHED RIGHTS AND RESPONSIBILITIES STATEMENT, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF SECTION I OF MY APPLICATION CONTAINS ANY BLANK ITEMS. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT SECTION I OF MY APPLICATION AND PROMISSORY NOTE CONTAINS NO BLANK ITEMS AND THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION AND PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREED TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE AND THE ATTACHED RIGHTS AND RESPONSIBILITIES STATEMENT. I, THE ENDORSER (COSIGNER), HAVE ALSO READ AND UNDERSTAND THIS PROMISSORY NOTE AND ACKNOWLEDGE THAT I MAY BE RESPONSIBLE FOR PAYMENT IN FULL OF THIS OBLIGATION.

[signature] Signature of Borrower/Comaker if any — 11 30 88 Mo / Day / Yr

Signature of Endorser (Cosigner) if any — Mo / Day / Yr

Endorser's (Cosigner's) Address (street, city, state and zip)

Pay to the order of Texas Guaranteed Student Loan Corporation without recourse, Representations, or Warranties, expressed or implied. MBANK? TRUST CORP. NATIONAL ASSOCIATION as Trustee By [signature] Authorized Signatory

**SECTION II—TO BE COMPLETED BY STUDENT**

14. Social Security Number: 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
15. Last Name: GARZA First Name: FREDDIE MI
16. Birth Date Mo/Day/Yr: 07 02 59
17. U.S. Citizenship Status: [x] (a) U.S. Citizen or National [ ] (b) Eligible Noncitizen Alien I.D. ______
18. Are you in default on any educational loan or do you owe a refund on a grant? [ ] Yes [x] No (See instructions)
19. If you are borrowing and are at least half-time, do you wish a deferment if eligible? [x] Yes [ ] No (See instructions)
20. My signature certifies that I have read, and agreed to the Student Certification. Signature of Student [signature] Mo Day/Year 12/01/88

**SECTION III—TO BE COMPLETED BY SCHOOL'S FINANCIAL AID OFFICE**

21. Name of School: Metro Hair Academy
22. Dependency Status: [ ] Dependent [x] Independent
23. Loan Period Mo/Day/Yr From: 4 5 88 To: 01 04 89
24. Student Grade Level (See instructions): 0
25. City: Lubbock State: Texas Zip Code: 79405
26. Area Code/Telephone Number: (806) 744-8496
27. School Code: 021611
28. School anticipates that student will be enrolled: [ ] Half-time [x] Full-time UNTIL: Mo 01 Day 04 Year 89
29. Estimated Cost of Education for Loan Period: $ 12740.00
30. Other Financial Aid For Loan Period (include GSL Loans): $ 2625.00
31. Eligibility Determined by School (See instructions): $ 4000.00
32. My signature below certifies that I have read, and agreed to the "School Certification". Signature of Official [signature] Title: Financial Aid Administrator Mo Day/Yr 11-30-88

**SECTION IV—TO BE COMPLETED BY LENDER**

33. Name of Lender: FIRST NATIONAL BANK AT LUBBOCK
34. Lender Approved Amount: $
35. Disbursement Mo Day/Yr
36. Address: P.O.Box 1241 City: Lubbock State: Texas Zip Code: 79408 1241
37. Number of Months in Repayment Term
38. Date First Payment Due
39. Area Code/Telephone Number: 806 765 8861
40. Lender Code: 823472
41. Signature of Authorized Lending Official: [signature] Title: Kelly Crofoot, AVP Mo Day/Yr 12/1/88

BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE

COPY A—LENDER LENDER RETAINS THIS ORIGINAL COPY

04-04-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



EXHIBIT C

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 OF 2**

Alfredo Garza
aka: Freddie Garza
7402 N. County Road 1520
Shallowater, TX 79363
Account No. 1002513039

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/17/14.

On or about 11/30/88, the borrower executed a promissory note to secure a loan of $4,000.00 from First National Bank of Lubbock. This loan was disbursed for $4,000.00 on 12/05/88 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 04/28/95, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,399.53 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/02/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,399.53 |
| Interest: | $2,670.09 |
| | |
| Total debt as of 07/17/14: | $7,069.62 |

Interest accrues on the principal shown here at the current rate of 3.35% and a daily rate of $0.40 through June 30, 2015, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 07/17/14

Delfin M. Reyes
Delfin M. Reyes
Loan Analyst
Litigation Support Unit

EXHIBIT D